UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM GLENN JACK,

                Petitioner,                Case Number 19-13225
v.                                                             Honorable David M. Lawson

WILLIS CHAPMAN,

                Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner William Glenn Jack presently is in the custody of the Michigan Department of Corrections serving a prison sentence for third-degree criminal sexual conduct. He filed a *pro se* petition for a writ of habeas corpus raising three issues, all relating to his sentence. The first and third — that the sentencing court incorrectly scored certain offense variables and a prior record variable under the state's sentencing guideline regime — raise issues of state law that a federal court does not deal with under section 2254. He also alleges that his attorney was ineffective because he did not object to the perceived guideline scoring errors. That certainly is a federal claim that can be raised in a section 2254 petition, but it does not help Jack because the state appellate courts have rejected those sentencing arguments, and Jack's attorney cannot be faulted for not raising them. Therefore, the petition will be denied summarily.

I.

Jack pleaded guilty but mentally ill in the Kalamazoo County, Michigan circuit court to third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520D(1)(b), and was sentenced as a third habitual offender to a prison term of six years, six months to thirty years. He did not file a direct appeal, but he did file a post-conviction motion for relief from judgment, which was denied. *People v. Jack*, No. 2015-1734-FH (Kalamazoo Cty.Cir.Ct., Apr. 13, 2018) (ECF No. 1, PageID.39

– 46). The Michigan appellate courts also denied relief. *People v. Jack*, No. 344726 (Mich.Ct.App. Oct 18, 2018); *leave denied*, 929 N.W.2d 343 (Mich. 2019) (Table).

Jack then filed the present petition for a writ of habeas corpus asserting the following issues:

> I. Whether the trial court improperly scored Offense Variables 10, 12, and 13, resulting in the imposition of an invalid sentence and depriving the petitioner of his right to a fair trial, due process, and equal protection under the Sixth and Fourteenth Amendments.
>
> II. Whether the petitioner's counsel provided ineffective assistance under the Sixth and Fourteenth Amendments by failing to object to the allegedly improper scoring of the Sentence Guidelines offense variables.
>
> III. Whether the trial court erroneously scored the petitioner 50 points for Prior Record Variable 2, where one of the felonies counted was pled down to a misdemeanor and his sentence was allegedly based on inaccurate information.

The warden has not been ordered to answer the petition.

II.

A federal court may issue a writ of habeas corpus at the behest of a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). After a petition for habeas corpus is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must dismiss the petition summarily. *McFarland v. Scott,* 512 U.S. 849, 856; *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that the district court has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary if the petition is frivolous,

obviously lacks merit, or if the necessary facts can be determined from the petition itself without considering a response from the State. *See Allen,* 424 F.2d at 141; *Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

To qualify for relief under 28 U.S.C. § 2254, the petitioner must show that the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis,* 144 F.3d 429, 433 (6th Cir. 1998). The analysis of a petitioner's claim is limited to consideration of "the law as it was 'clearly established' by [Supreme Court] precedents at the time of the state court's decision," *Wiggins v. Smith,* 539 U.S. 510, 520 (2003). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court must have applied *federal* law in a way that is "objectively unreasonable." *Wiggins,* 539 U.S. at 520–21 (quoting *Williams v. Taylor,* 529 U.S. 362, 409 (2000)).

A.

Jack contends that the state court incorrectly calculated his sentencing guideline range under the Michigan Sentencing Guidelines. He is not entitled to relief on this ground. State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). And "federal habeas corpus relief does not lie for errors of state law." *Kissner v. Palmer*, 826 F.3d 898, 902 (6th Cir. 2016) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Therefore, claims that challenge a state court's sentencing decision under state law normally are not cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.

*See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). A sentence imposed within the statutory limits is generally not subject to habeas review. *Townsend v. Burke,* 334 U.S. 736, 741 (1948); *Cook v. Stegall,* 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Jack does not contend that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. Instead, he contends that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines by misscoring offense and prior record variables. But, as noted, "errors in the application of state sentencing guidelines like those alleged [here] cannot independently support habeas relief." *Kissner*, 826 F.3d at 904. Therefore, issues I and III are subject to summary dismissal.

B.

Jack's remaining claim is that his trial attorney rendered constitutionally inadequate assistance when he failed to object to the sentencing judge's scoring of three offense variables. The failure to lodge a proper objection to sentencing errors "can form the basis of ineffective-assistance claims." *Kissner*, 826 F.3d at 904; *see also Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (holding that a criminal defendant has a right to effective assistance of counsel at sentencing). But to succeed on an ineffective assistance of counsel claim, Jack "must show both deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). One way of establishing defective performance is to show that defense counsel missed a meritorious argument under the controlling law. However, the failure to file a meritless motion or raise a groundless objection does not constitute defective performance. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011) (stating that an "attorney is not required to raise a non-meritorious claim" (citing *Wilson v.*

*Mitchell*, 498 F.3d 491, 514-15 (6th Cir. 2007))); *see also Knowles*, 556 U.S. at 123 (reiterating that the "[Supreme] Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success" to avoid a finding of deficient performance under *Strickland*).

Jack actually challenged the scoring of his sentencing guidelines in his post-conviction motion for relief from judgment. The sentencing court denied the claim on the ground that the three offense variables had been correctly scored under the Michigan Sentencing Guidelines. *People v. Jack*, No. 2015-1734-FH, * 4-6 (ECF No. 1, PageID.42-44). The court also concluded that Jack's attorney was not ineffective by failing to object to the scoring of those offense variables because they had been properly scored. *Id.*, 6-7 (ECF No. 1, PageID.44-45). The Michigan appellate courts denied Jack's applications for leave to appeal.

Those holdings create a double problem for Jack here. Because the state courts determined that Jack's scoring issues lacked merit, his attorney cannot be faulted for not raising them to begin with. *Jalowiec*, 657 F.3d at 321-22. He cannot therefore establish deficient performance. Nor can he establish prejudice without showing that a different result would have flowed from his lawyer's challenge to the guideline scoring, had he made it. But he cannot make that showing without convincing this Court that the state courts erred in their holding that the guidelines were scored properly. However, federal courts "are bound by the state court's determination of its own law." *Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005) (citing *Hutchison v. Marshall,* 744 F.2d 44, 46 (6th Cir. 1984)). Because this Court "cannot logically grant the writ based on ineffective assistance of counsel without determining that the state court erred in its interpretation of its own law," *ibid.*, Jack's claim of prejudice also must fail.

III.

The state court decisions in this case were not contrary to federal law, did not unreasonably apply federal law, and did not unreasonably determine the facts. Therefore, the petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **SUMMARILY DENIED**.

s/David M. Lawson
DAVID M. LAWSON
Date: November 18, 2019
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on November 18, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI